Filed 5/2/13  P. v. Washington CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM N. WASHINGTON,<br><br>    Defendant and Appellant. | B242302<br><br>(Los Angeles County<br>Super. Ct. No. BA324564) |

THE COURT:[*]

Defendant and appellant William N. Washington (defendant) appeals from the denial of his postjudgment motion for the return of property.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues and requesting a court review of the record.  On December 24, 2012, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter. We have reviewed the entire record and finding no error, we affirm the judgment.

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

After defendant was convicted of residential burglary, identity theft, commercial burglary and possession of a forged driver's license, he filed a motion for the return of some of the property seized during a search of defendant's motel room pursuant to a search warrant executed in 2006. The seized property included credit, debit, and identification cards, a savings ledger, a checkbook, and a wallet, all bearing names other than defendant's. Other property seized included electronic devices such as a Blackberry, cell phone, a computer, computer parts and accessories, as well as a tool set, keys, documents, and a plastic container.

Some of the subject property had been reported stolen and had been admitted into evidence in defendant's trial. A Blackberry cell phone was reported stolen later, prior to the hearing on the motion. Some of the property, including cash, a laptop computer, computer parts and accessories, a camera, and a car stereo, had not been reported stolen. However, the wires to the car stereo had been cut, and some of the items (a laptop computer, iPod and speakers) appeared to match a description of some property missing after a burglary to which defendant had confessed committing.

At the hearing, the People conceded that a plastic container and two documents should be returned, and defendant withdrew his request for the Blackberry cell phone, its battery, some keys, a key chain, and an iPod. The trial court granted the motion in part and denied it in part after finding by a preponderance of the evidence that the laptop computer, computer parts and accessories, a car stereo, a computer keyboard and monitor, speakers, a Palm Pilot, and a holder were stolen. The court ordered the return of $502 in cash, a tool set, a camera and battery, a Yamaha keyboard, two documents, a plastic container, a Motorola cell phone, and if found, the battery and charger for the cell phone. Defendant filed a timely notice of appeal from the order.

2

We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.